GEORGE P. EATON, IMPLEADED WITH NAVE, McCORD & COMPANY, PLAINTIFF IN ERROR, v. SAMUEL BARTSCHERER, DEFENDANT IN ERROR.

GEORGE P. EATON, IMPLEADED WITH TURNER, FRAZIER & COMPANY, PLAINTIFF IN ERROR, v. SAMUEL M. BARTSCHERER, DEFENDANT IN ERROR.

1. Practice: UNDERTAKING IN ATTACHMENT: ACTION ON. In an action on an undertaking in attachment the petition should allege that the order of attachment was *wrongfully* sued out, or obtained.

2. ———: ———: ———. It is not enough to state in the petition that the attachment was quashed, and the property released by proceedings in error.

ERROR to the district court of Lancaster county. Tried below before POUND, J. The opinion states the case.

*D. G. Hull*, for plaintiff in error.

*Lamb, Billingsley & Lambertson*, and *J. S. Stull*, for defendants in error.

LAKE, CH. J.

These two cases involve precisely the same questions, and therefore will be considered together.

The plaintiff in the court below, who is defendant here, brought his actions to recover damages upon two undertakings executed to him as defendant in certain attachment proceedings, whereby his property was seized and subjected to the payment of his debts.

After trials to the court upon the petitions, answers and proofs, and findings in favor of the plaintiff, motions were duly made for judgments in favor of the defendants, upon the pleadings, notwithstanding the findings of the court upon the trial. These motions were both overruled and judgments entered in favor of the plaintiff. No testimony was preserved, and the only question to be determined is whether under the pleadings these judgments can be sustained. In the examination of this question it is necessary to look first to the petitions, in order to ascertain whether they state good causes of action, for if they fail in this respect the judgments cannot stand.

The undertakings upon which these actions were brought, contain simply the statutory requirements by which the obligors therein promise to pay the defendant all damages, which he might sustain by reason of the attachments, if the orders therefor were "wrongfully obtained." There is no agreement to pay all damages that might be occasioned by the attachments, in any

Eaton v. Bartscherer.

event, but only in case it should be established that the orders of attachment were "wrongfully" sued out.

In these petitions there is no charge that these orders of attachment were wrongfully or unjustly obtained, nor is there any statement from which that fact can possibly be inferred. There is, to be sure, in each of them an allegation that after the attached property had been sold, and the proceeds applied upon the judgments in pursuance of the orders of the court, proceedings in error were prosecuted which resulted in the dissolution of the attachments. But there is nothing to show upon what this decision was based; and for aught that appears it may have been for a mere technicality, or for some other cause entirely consistent with the fact that the plaintiff's were fully justified in resorting to the process of attachment for the collection of their claims. In *Sharp v. Hunter*, 16 Ala., 765, the court say: "We think that by the wrongful suing out of the attachment is meant not the omissions, irregularities or informalities which the officer issuing the process may have committed in its issuance, but that the party resorted to it without sufficient grounds." The following are authorities on the same point under statutes quite similar to our own. *Petit v. Mercer*, 8 B. Monroe, 51. *Raver v. Webster*, 3 Iowa, 502.

We are of opinion therefore that, in failing to allege, or to show by reasonable inference that the orders of attachment were "*wrongfully*" sued out, or, in other words that no just grounds actually existed for a resort to this extraordinary process, these petitions are fatally defective, and wholly inadequate to support these judgments. As the pleadings stood the defendants were clearly entitled to judgments in their favor, and the motions therefor should have been sustained, unless the plaintiff saw fit to remedy the defect by amending his petitions.

This being decisive of the cases it is unnecessary to examine the answers, or to determine the effect of there being no reply. It is not claimed that there is anything in the answers which would supply the defects which we have pointed out in the petitions, and it is clear that there is not.

For these reasons the judgments must be reversed and the cases remanded to the district court, with instructions to permit amended petitions to be filed, supplying the defect above pointed out, otherwise to render final judgments in conformity with this opinion.

REVERSED AND REMANDED.