# CROWLEY v. STATE OF OREGON.

CONSTRUCTION OF STATUTE.—A statute will not be declared void in whole or in part, unless its invalidity is distinctly pointed out and made clearly manifest. The general rule is that every intendment must be given in its favor.

APPEAL from Polk County.

*Butler & Daly*, for appellant.

*Geo. E. Chamberlain, District Attorney*, for respondent.

By the Court, LORD, J.:

This cause comes here upon an appeal from the circuit court, on a writ of review from a justice's court, wherein the appellants are charged with an assault and battery, found guilty, and a judgment entered as follows:

The above named John F. Crowley, S. H. Crowley and T. H. Pickens, having been brought before me, Thomas Pearce, a justice of the peace for the precinct in the county and state aforesaid, in a criminal action for the crime of assault and battery, and the said John F. Crowley, S. H. Crowley and T. H. Pickens, having thereupon pleaded not guilty,

and being duly tried by a jury, and upon such trial duly convicted, I have adjudged that each of the said defendants, John F. Crowley, S. H. Crowley and T. H. Pickens, pay a fine of ten dollars and twenty-four 24-100 dollars of the costs of the said action, being taxed at $72.35, and that in default of the payment of said fine and costs by any one of said defendants, he be imprisoned in the county jail of Polk county, Oregon, until said fine and costs be paid, not exceeding seventeen days.

THOMAS PEARCE,
Justice of the Peace as aforesaid.

The circuit court affirmed the judgment, and further ordered and adjudged that the defendant have and recover judgment of the plaintiffs for their costs herein, taxed at $———, and the costs of the lower court, taxed at $81.30, for which execution may issue. The first error assigned is that the judgment of the justice of the peace included the costs in the imprisonment. This is in conformity with the requirements of the code, sec. 94, p. 474. A statute will not be declared void, in whole or in part, unless its invalidity is distinctly pointed out and made clearly manifest. The general rule is that every intendment must be given in its favor. In the absence of any authority cited, or sound reason suggested showing the invalidity of the section, we are of the opinion the error assigned is not well taken.

The next error alleged, is that the judgment of the circuit court includes, besides the costs of trial in that court, the costs of the lower court. This probably would have been better omitted, and the court below directed to proceed in the matter reviewed according to its decision.

We, therefore, direct the judgment to be modified ac-

cording to the view herein expressed, but in all other re-
spects the judgment is affirmed. Neither party is entitled
to costs in this court.