JAMES A. LANGSTAFF, appellant, *v.* FRANK R. MILES, respondent.

CONSTRUCTION OF STATUTE — "*Proceeding.*"— The application for a writ of attachment is such a "proceeding" as is provided for in sec. 114, Code of Civil Procedure, p. 60, in which amendments are allowed. Other points same as in *Pierse* v. *Miles, ante,* p. 549.

*Appeal from Second District, Silver Bow County.*

W. O. SPEER, for appellant.

RANDOLPH & DE WITT, for respondent.

WADE, C. J. This is an appeal from an order discharging an attachment, and the denial of leave to file a new undertaking, and is in every respect like the case of *Pierse* v. *Miles, ante,* p. 549, decided at this term, and on the authority of that case, and those cited herein, we hold:

1. That an undertaking in attachment need not be signed by the plaintiff. The statute is complied with if two sufficient sureties sign the undertaking on behalf of the plaintiff.

2. An undertaking in attachment, in which the sureties contract to answer for the wrongful suing out of the attachment, is not so wide in the scope of its liability as an undertaking in which the sureties promise to pay all damages the defendant may sustain, if it is finally decided that the plaintiff was not entitled to the attachment. By the wrongful suing out of an attachment is meant not the omissions, irregularities or informalities which the officer issuing the process may have committed in its issuance, but that the party resorted to it without sufficient ground. *Sharpe* v. *Hunter*, 16 Ala. 765; Drake on Attach. sec. 170. And in an action to recover damages upon such an undertaking, it must appear that the attachment was wrongfully sued out, or, in other words, that no just grounds actually existed for a

resort to this remedy. *Eaton* v. *Barlscherer*, 5 Neb. 469. While, if the condition of the undertaking was, that the sureties would pay all damages that might be occasioned by the issuance of the attachment, if it was finally decided that the plaintiff was not entitled to it, no proof of the wrongful issuance of the attachment would be necessary. In such a case the mere proof that the attachment issued, and that it was finally decided that the plaintiff, was not entitled to the attachment, would be sufficient to fix the liability of the sureties on the undertaking. And this is the kind of an undertaking required by our code, since the amendment of February 23, 1881.

3. The purpose of requiring an undertaking in attachment is security to the defendant whose property has been seized; and if this purpose is accomplished, the time when the undertaking is filed is not very material. If an attachment is issued on a defective or insufficient undertaking, the defendant has the right to require a new and sufficient one to be given. He certainly ought not to object to the filing of a new undertaking given for his protection and benefit. The application for a writ of attachment is a "*proceeding*" in the sense that term is used in the one hundred and fourteenth section of the Code of Civil Procedure, to secure one of the remedies provided by law. And a defect or mistake in this proceeding, whether it relates to the affidavit or undertaking, may be corrected or cured by amendment, as in other proceedings covered by the provisions of the code. Attachment is a provisional remedy, and the statute must be substantially complied with in every material respect; but there is nothing in the nature of the proceeding itself, or in the law governing it, to exempt it from the statute in relation to amendments, where, in order to secure justice, and prevent wrong and injustice, amendments are required.

The order discharging that attachment is set aside, and the cause remanded to the district court, with direction

that the plaintiff be given a reasonable opportunity to file such an undertaking in attachment as the law requires.

*Judgment reversed.*