[Filed January 10, 1888.]

## STATE OF OREGON, RESPONDENT, *v.* WILLIAM SHEPPARD, APPELLANT.

JUSTICE'S COURT—JURY TRIAL IN—PARTY CALLING FOR, CONCLUDED BY THE VERDICT OF, WHEN.—The party calling for a jury in a Justice's Court is concluded by the verdict thereof, unless the fine or judgment be for an amount of money not less than fifty dollars. (Hill's Code, § 2170.)

JUDGMENT IN, AS TO COSTS IN CRIMINAL CASE.—A judgment of a justice of the peace, that a defendant convicted of a petty offense pay a fine of thirty dollars and costs, taxed at fifty-four dollars, and that in default he be imprisoned until such fine and costs are paid, not exceeding forty-two days, is without warrant of law. (Overruling *State* v. *Crowley,* 11 Or. 512.)

APPEAL from Polk County.        Reversed.

*G. W. Belt,* for Respondent.

*J. J. Daly,* and *N. L. Butler,* for Appellant.

LORD, C. J.—On a complaint filed in a Justice's Court, the defendant was charged with the crime of assault and battery. Issue being joined on a plea of not guilty, the defendant demanded a jury, which being duly summoned and sworn, a trial was had, and a verdict of guilty returned against the

defendant.  The court thereupon sentenced the defendant to "pay a fine of thirty dollars and the costs of the action, taxed at fifty-four dollars, and that he be imprisoned in the county jail until said fine and costs are paid, not exceeding *forty-two days.*" From this judgment an appeal was taken to the Circuit Court, where the district attorney filed a motion to dismiss the appeal, for the reason "that the record of said appeal showed upon its · face that said appeal was taken from a judgment given upon the verdict of a jury, demanded by the defendant, which said judgment was for a fine of less than fifty dollars, *exclusive of costs and disbursements.*"  The court sustained the motion and dismissed the appeal, and from the order of dismissal this appeal is taken.

· The Code provides that "no appeal can be taken by the party who demanded a jury from a judgment in a Justice's Court, given upon a verdict of such jury, in either a civil or criminal action, unless the judgment be for a fine or amount of money not less than fifty dollars, or for the recovery of personal property of the value of not less than fifty dollars, exclusive of costs and disbursements in either case, or imprisonment of such party not less than twenty-five days."  (Hill's Code, § 2170.)  To authorize an appeal the criminal phrase of this section contemplates two cases, one where the judgment is "for a fine not less than fifty dollars, exclusive of costs," and the other where the judgment is "for imprisonment not less than twenty-five days." In a word, the test of a party's right to appeal from a judgment of a Justice's Court in a criminal action, the other facts concurring, is, that the fine imposed by the judgment shall not be less than fifty dollars, exclusive of costs, or that the imprisonment fixed by the judgment shall not be less than twenty-five days.  The defendant was a party against whom a judgment was given in a Justice's Court upon the verdict of a jury, demanded by him for a fine less than fifty dollars, namely, "a fine of thirty dollars, and costs taxed at fifty-four dollars," and which judgment further provided, "that he be imprisoned in the county jail until said fine and costs be paid, not exceeding *forty-two days.*"

In the event of the non-payment of the fine and costs, the

number of days fixed for the imprisonment under the judgment
is in excess of twenty-five days, namely, *forty-two days*. Hence,
it is insisted, although the fine is less than fifty dollars, and
would not entitle the defendant to an appeal, yet the imprison-
ment which the defendant must undergo without payment of the
fine and costs, as limited in the judgment, being greater than the
number of days designated by the section to authorize an appeal,
he has a right to appeal from the judgment, and consequently
the court below erred when it dismissed his appeal. The juris-
diction of justices in criminal as well as civil cases is limited,
and the limitation is usually controlled by the penalty pre-
scribed for the offense, the fine that may be imposed, or the
imprisonment that may be inflicted. But whatever these limita-
tions may be, they are the bounds, fixed by the law, within
which such courts must exercise their jurisdiction. Any judg-
ment, therefore, of such court, imposing a fine or inflicting an
imprisonment unauthorized by law, or in excess of jurisdiction,
would necessarily be void.

In the case in hand, it will be observed, (1) that the form of
the judgment against the defendant is for a fine, and that the
imprisonment in the contingency provided is not inflicted as a
punishment, but as a means of coercing the payment of the fine
and costs; and (2) that the number of days designated, which
the imprisonment is not to exceed, namely, forty-two days, is
computed by aggregating the fine and costs, and allowing two
dollars for each day's imprisonment. The offense of an assault
and battery for which the defendant was convicted the Justice's
Court had jurisdiction of, and was authorized to impose a punish-
ment, by fine not less than five nor more than fifty dollars.
(Hill's Code, § 2052, subd. 6.) The court was therefore author-
ized to impose the fine adjudged against the defendant, but there
is no authority given under the subdivision cited to impose any
other punishment than a fine. The court could not inflict
imprisonment as a punishment, or at all, except in aid of, and as
subsidiary to the enforcement of the payment of the fine, and
only then by virtue of authority derived from some *statute*.
This is true of inferior courts, whatever may have been the prac-

tice at common law of superior courts, exercising criminal juris-
diction. (Bishop's Criminal Law, § 1132; *Hill* v. *State*, 2 Yerg.
248.) But it is provided that "a judgment that the defendant
pay a fine must also direct that he be imprisoned in the county
jail until the fine be satisfied, specifying the extent of the
imprisonment, which cannot exceed one day for every two
dollars of the fine," etc. (§ 1408, Hill's Code.) Under this
section the period specified for imprisonment, unless the fine be
paid, cannot exceed one day for every two dollars of the fine, and
applies only to the fine imposed, and does not include costs
incurred in the prosecution of the action. It is a direction to
and limitation upon the power of the court when a judgment for
a fine is given. It directs that when a fine has been adjudged,
the court must imprison until the fine be satisfied, limiting the
term of the imprisonment to a time specified, which bears a cer-
tain relation to the amount of the fine.

As subdivision 6 of section 2052 only authorized the imposi-
tion of a fine as a punishment, and as section 1408, for the pur-
pose of enforcing the payment of the fine and not as a punishment,
directs that the defendant be imprisoned until the fine be satis-
fied, not to exceed one day for every two dollars of the fine, it
follows that when the defendant was adjudged to pay a fine of
thirty dollars, the imprisonment specified for the purpose of
coercing its payment could not exceed fifteen days. To construe
section 1408 otherwise, that is to say, as authorizing a punishment
by imprisonment, would look like convicting the defendant under
one law (§ 2052, subd. 6), and punishing him under another
(§ 1408), unless the two must be read together, and are in practice
*in pari materia*, the true intent and purpose of section 1408 being
not to *pronounce* imprisonment as the punishment, but as a means
of coercing the payment of the judgment for a fine for an assault
and battery under subdivision 6, section 2052. (*People* v. *Mark-
ham*, 7 Cal. 208; *Ex parte Kelly*, 28 Cal. 415; *Ex parte Botleg*,
31 Ill. 89.) In speaking of a like section (1205) in Cal. Code,
Sanderson, C. J., said, in *Ex parte Kelly, supra:* "The imprison-
ment is no part of the punishment *per se*, but is merely one of
the modes by which the law enforces the satisfaction of the fine,

which is in itself the punishment, or a part of it." So that, taking these provisions together, when the defendant was convicted of an assault and battery, the court was authorized to impose "a punishment by a fine of not less than five nor more than fifty dollars," and, therefore, it had the right to sentence the defendant to pay a fine of thirty dollars, and direct further that he be imprisoned until the fine be satisfied, such imprisonment not to "exceed one day for every two dollars of the fine," that is, not to exceed fifteen days; but not to direct that he be imprisoned "until the fine and costs be paid, not exceeding forty-two days," the period of imprisonment being one day for every two dollars of the fine and costs aggregated.

Reserving the question of the validity of such judgment for the present, it is manifest that the fine imposed was less than the sum designated by section 2170, *supra*, which would entitle the defendant to appeal, or regarding the imprisonment as a punishment, which we deny, for the time authorized by law, namely, fifteen days, still the period of such imprisonment would be less than the minimum specified, which would authorize an appeal; but otherwise, if the number of days named in the judgment, computed on the basis of one day for every two dollars of the fine and costs, aggregated, is to be regarded as an imprisonment within the meaning of that section. As already explained, we regard the number of days specified in this section, for which an appeal lies, to refer to a judgment for imprisonment pronounced by the court as a punishment, and not to refer to a case, as here, where the defendant was convicted and sentenced to pay a fine under a law which authorized no imprisonment, except as derived from section 1408, *supra*, and authorized as a conveyance of the power to fine, and for the purpose of coercing its payment, and not as a punishment. So that in this case, we are to look to the fine adjudged, and not to the time of imprisonment directed to· enforce its payment, to determine the defendant's right to appeal.

In this view, the maximum fine authorized to be imposed upon conviction of assault and battery is the only case where an appeal would lie under section 2170, *supra*, and the fine imposed as shown by this record being less than fifty dollars, there was

no right of appeal.  This disposes of the contention of counsel for the defendant, which involves the error of supposing that the imprisonment directed to enforce the payment of a judgment for a fine in a Justice's Court can be the basis of an appeal.  In this case, it is the amount of the fine alone that determines the right of appeal.  But the Circuit Court not only dismissed the appeal, but gave judgment against the defendant, as it was given in the Justice's Court, and for costs and disbursements.  (Hill's Code, § 2128.)  This necessarily affirmed or carried into effect that part of the judgment which directs that the defendant be imprisoned until the fines and *costs* be paid, not exceeding forty-two days. The course of the argument has incidently, if not directly, tended to show that this was error, and unauthorized by law, as to the costs.

It is claimed by the attorney for the State that imprisonment for costs is allowed by section 2145 of Hill's Code, and that in a like case, it was so held in *State* v. *Crowley*, 11 Or. 512.   That section only undertakes to provide the substance of a form to be used by justices upon a judgment of conviction for entries in their docket, and necessarily the application will depend upon the statute under which the defendant is tried and convicted. To illustrate if he be tried and convicted under some statute of which a justice has jurisdiction, providing for a punishment by fine, and his imprisonment until such fine and *costs* are paid, on the rates of one day for every two dollars of such fine and costs, as the Circuit Court is authorized to do under section 1968, then the fine and costs may be aggregated, and he be imprisoned until the same be paid, not to exceed one day for every two dollars of such fine and costs, as was done here.  In such case, section 1408, *supra*, has no application.   (See *Ex parte Harrison*, 63 Cal. 300.) But if the defendant be tried and convicted, the sentence of the court under the law be a fine, as in the present case, and the enforcement of its payment is dependent on section 1408, there the period of imprisonment cannot exceed one day for every two dollars of the fine.   That section is not intended to enforce the payment of the fine *and costs* of the action by imprisonment; its language is confined exclusively to the *fine*, and it is only as to the fine that the party may be imprisoned at the rate of one day for

every two dollars of the fine.    Hence the Justice's Court in fixing the time of imprisonment not to exceed one day for every two dollars of the fine and costs aggregated, acted without warrant of law.

As this result is in conflict with *State* v. *Crowley, supra,* that case must be considered as overruled in the particular here mentioned, although it may be proper to state, as the opinion indicates, that the attention of the court was almost exclusively directed to the validity of a statute authorizing imprisonment for costs.    But in view of the holding in that case, it is due the learned court below to say, that the error it made in entering that judgment sprang out of our error in that case.

As such judgment is void it must be reversed, and the cause remanded for such further proceedings as may be proper in accordance with this opinion.