Argued October 27; decided November 14, 1898.

### EX PARTE McGEE.

[54 Pac. 1091]

IMPRISONMENT FOR FAILURE TO PAY FINE.— Under sections 2131 and 1408, Hill's Ann. Laws, giving to a justice of the peace the same power as to fines and imprisonments that is possessed by the circuit courts. and prescribing how a judgment of fine in the latter court must be executed, a justice of the peace may order a defendant imprisoned if his fine is not paid: *State* v. *Sheppard*, 15 Or. 598, applied.

MEANING OF THE WORD "PROCEEDING" CONSIDERED.— An imprisonment for failure to pay a fine is a "proceeding" within the meaning of a section of a city charter providing for "proceedings before the (municipal) court."

MUNICIPAL COURT—STATUTORY CONSTRUCTION.— A provision in a city charter limiting punishment by imprisonment to ninety days does not affect the right of the municipal judge to inflict a fine, the working out of which under the general statutes will keep the offender in confinement longer than the prescribed limit, since in the latter case he is only paying a fine, while in the other case he is being imprisoned as a punishment.

From Multnomah : MELVIN C. GEORGE, Judge.

Chas. McGee having been refused his liberty on a *habeas corpus* proceeding, appeals.

AFFIRMED.

For appellant there was an argument by *Mr. J. R. Cunningham*.

For respondent there was an argument by *Mr. Ralph R. Duniway*.

MR. JUSTICE WOLVERTON delivered the opinion.

The petitioner, Charles McGee, was tried and convicted in the municipal court of the city of Portland on a charge

of violating section 6 of ordinance No. 3983, entitled "An ordinance concerning offenses and disorderly conduct." A fine was imposed of $200, and in default of payment he was committed to the city prison for 100 days. A writ of *habeas corpus* was thereupon sued out in the circuit court for Multnomah county, resulting in a judgment dismissing the writ, from which he appeals to this court.

The primary question presented for consideration is one of power in the municipal court to commit to prison for a fine imposed as a penalty for the violation of said section, which provides that any person or persons who shall resist any peace officer, etc., " shall, on conviction, be fined not less than twenty-five nor more than three hundred dollars, or shall be imprisoned not less than ten nor more than ninety days, or both, at the discretion of the court." The power of the city council to adopt the ordinance is derived from subdivision 36 of section 36 of the charter of the city of Portland, whereby it is enacted that "the council has power and authority * * * to provide for the punishment of a violation of any ordinance of the city by fine or imprisonment not exceeding three hundred dollars, or ninety days, or both, or by forfeiture as penalty not exceeding three hundred dollars, and for working any such person sentenced to imprisonment upon the streets, parks, public squares, workhouse or house of correction during the term thereof, and to provide for the punishment of any person sentenced to imprisonment who shall refuse to work when ordered." By section 62 it is provided that the "municipal court shall have jurisdiction of all crimes defined by ordinances of the city of Portland, and of all actions brought to enforce or recover any forfeiture or penalty declared or given by any such ordinance"; and further that "the powers, duties and jurisdiciton herein conferred upon such municipal court may be exercised by the judge

thereof, who shall likewise adopt a seal "; and by sec-
tion 65 that "all proceedings before the court or judge
thereof, including all proceedings for the violation of any
city ordinance, are governed and regulated by the gen-
eral laws of the state applicable to the justice of the
peace or justice courts in like or similar cases, except
as in this act otherwise provided ": Laws 1893, p. 831.
The exceptions referred to have no bearing upon the
present controversy.

The authority of the council to enact the ordinance is
not questioned, but it is strenuously contended that, the
imprisonment being for the purpose of coercing the pay-
ment of the fine imposed, the council was not empowered
to authorize the municipal court to imprison for such a
purpose, nor was it so authorized by direct force of the
charter.    If the court has such authority, it must be by
force of said sections 62 and 65 of the charter, as the
council has made no attempt to invest it therewith.
Turning to the statute governing justices of the peace in
criminal actions, we find by section 2131, Hill's Ann.
Laws, that such an action is commenced and proceeded
in to final determination, and the judgment therein en-
forced, in the manner provided in the Code of Criminal
Procedure, except as otherwise provided.    By the Code
of Criminal Procedure (section 1408, Id.) it is provided
as follows : "A judgment that the defendant pay a fine
must also direct that he be imprisoned in the county jail
until the fine be satisfied, specifying the extent of the
imprisonment, which cannot exceed one day for every
two dollars of the fine ; and in case the entry of judg-
ment should omit to direct the imprisonment, and the
extent thereof, the judgment to pay the fine shall operate
to authorize and require the imprisonment of the defend-
ant until the fine is satisfied at the rate above mentioned."
Construing these sections in *pari materia*, as it was in-

tended they should be, the justice of the peace is author-
ized to impose a fine and direct that the accused be im-
prisoned until the fine is satisfied, specifying the extent
of imprisonment, not to exceed one day for every two
dollars of the fine ; but if he should omit the direction
for the imprisonment, yet the judgment itself operates to
authorize and require the imprisonment until such fine
be satisfied at the specified rate per diem.    This result
is deducible from *State* v. *Sheppard*, 15 Or. 598 (16 Pac.
483) .    So that the authority of a justice of the peace to
enter such a judgment in a criminal action, and the
effect of a judgment rendered by him imposing a fine,
are clear ; and we are now to inquire whether the munic-
ipal court is clothed with like power, in proceedings for
the violation of a city ordinance, or its judgment impos-
ing a fine is effective for a like purpose.    The language
of section 65 of the charter is explicit :    ''All proceedings
before the court or judge thereof, including all proceed-
ings for the violation of any city ordinance are governed
and regulated by the general laws of the state applicable
to the justice of the peace or justice's court in like or
similar cases.''

The word '' proceedings '' is evidently used here in its
broadest signification. ''Proceeding'' is defined by Black
as follows :    '' In a general sense, the form and manner
of conducting judicial business before a court or judicial
officer ; regular and orderly progress in form of law ;
including all possible steps in an action, from its com-
mencement to the execution of judgment.    In a more
particular sense, any application to a court of justice,
however made, for aid in the enforcement of rights, for
relief, for redress of injuries, for damages, or for any
remedial object.''    Black, Law Dict.    Bouvier defines it
thus :    '' In its general acceptation, this word means the
form in which actions are to be brought and defended,

the manner of intervening in suits, of conducting them, of opposing judgments, and of executing them.'' Bouv. Law Dict. Duer, J., in *Rich* v. *Husson,* 1 Duer, 617, which involved the right to costs and amount of recovery, says : '' The word 'proceeding,' both in its popular use and in its technical application, has a definite meaning, which we cannot alter or enlarge. It means, in all cases, the performance of an act, and is wholly distinct from any consideration of an abstract right. A proceeding in a civil action is an act necessary to be done in order to attain a given end. It is a prescribed mode of action for carrying into effect a legal right, and, so far from involving any consideration or determination of the right, presupposes its existence. The proceeding follows the right.

'' The rules by which proceedings are governed are rules of procedure ; those by which rights are established and defined, rules of law. It is law which gives a right to costs, and fixes their amount. It is procedure which declares when and by whom the costs to which a party has a previous title shall be adjusted or taxed, and when and by whose direction a judgment in his favor shall be entered.'' In *Wilson* v. *Allen,* 3 How. Prac. 369, the court being authorized at any time, in furtherance of justice, to amend any pleading or proceeding by correcting a mistake in any respect, it was held that the use of the term '' proceeding '' in that connection authorized the allowance of an amendment of an undertaking on appeal. So, in *Langstaff* v. *Miles,* 5 Mont. 554 (6 Pac. 356), it was held, under a similar statutory authorization, that the court was empowered to allow an amendment of an undertaking for an attachment. So, in *Reg.* v. *London, C. & D. Ry. Co.,* L. R. 3 Q. B. 170, it was held that the taxation of costs was a proceeding within a statute which provided, in effect, that, from and after the passing of a

certain act, no actions, suits, attachments, executions, or other proceedings against a railroad company therein named should be commenced or continued. And in *Smith* v. *Bank*, 5 Pet. 518, and *Ward* v. *Cohen*, 3 S. C. 338, it is said that proceedings of the sheriff under execution are part of the proceedings in the cause. For other cases illustrating the application, import, and general scope of the term, see *Hine* v. *Belden*, 27 Conn. 384 ; *Williamson* v. *Champlin*, Clarke, Ch. 9 ; *Bonesteel* v. *Orvis*, 31 Wis. 117 ; *Hogan* v. *Hoyt*, 37 N. Y. 300.

As it pertains to a justice's court, the law gives the authority to impose a fine in a criminal action ; but, from the foregoing authorities, the manner of judgment, how it shall be entered and the fine enforced, is but procedure ; and this embraces the imprisonment, either by virtue of the express direction of the judgment, or by force of the statute, if such direction be omitted therefrom. As was said in *State* v. *Sheppard*, 15 Or. 598 (16 Pac. 483) , quoting from *Ex parte Kelly*, 28 Cal. 415 : '' The imprisonment is no part of the punishment, *per se*, but is merely one of the modes by which the law enforces the satisfaction of the fine, which is in itself the punishment or a part of it.'' The Portland city charter has within itself prescribed no code of procedure in cases of the violation of its ordinances, but has referred the municipal court, for its direction and guidance, to the proceedings provided by the general laws of the state by which the actions of the justice of the peace are regulated and governed in like or similar cases. Looking to such general laws, it is ascertained how a criminal action is begun, and what each succeeding step shall be, to and including the entry of judgment and its enforcement. As the entry of the judgment and the manner of its enforcement are proceedings in a criminal action before the justice of the peace, under the general law, it is quite clear that, when

the charter prescribed that all proceedings for the violation of any city ordinance shall be regulated by the general laws applicable to justices' courts in like or similar cases, it was intended to embrace those particular proceedings, and hence that the municipal court had the right to imprison in default of the payment of the fine imposed.

It is insisted, however, that inasmuch as said subdivision 36, § 36, of the charter limits the power of imprisonment by the municipal court to ninety days, the commitment of the accused for one hundred days was in violation of such regulation. We have anticipated this proposition somewhat by previous considerations. *State v. Sheppard*, 15 Or. 598 (16 Pac. 483), was a case wherein the justice of the peace imposed a fine for an assault under a statute which authorized the justice to punish by fine only, but he entered a judgment directing imprisonment until such fine and costs should be paid at the rate of one day for each $2 of such fine and costs. The judgment was held to be without the jurisdiction of the justice as it pertained to the costs, but not as it pertained to the direction for imprisonment. Mr. Chief Justice Lord, speaking for the court, said : "The true intent and purpose of section 1408 being not to pronounce imprisonment as the punishment, but as a means of coercing the payment of the judgment for a fine for an assault and battery under subdivision 6, § 2052." The imprisonment is merely a prescribed mode of enforcing the payment of the fine, and, as we have seen, constitutes a step in the code of criminal procedure to be pursued in all cases involving the imposition of a fine. The punishment permitted by the charter and fixed by the ordinance is imprisonment or fine, or both. All beyond is mere mode or manner of enforcement. The first can only be satisfied by serving out the prescribed term in prison, while

the latter may be satisfied by payment of the fine imposed ; but for the coercion of that payment the statute has prescribed a mode of procedure, which is to commit the accused to prison for a term not exceeding one day for every $2 of the fine. The mode and manner of enforcing the punishment should not be confounded with the punishment itself, or regarded as a part of it ; and, if this obvious distinction is kept in view, the power of the court to direct imprisonment under the statutory regulations for the coercion of the payment of the fine becomes clear and incontrovertible : *Ex parte Kelly,* 28 Cal. 415. These considerations affirm the judgment of the court below, and it is so ordered.

AFFIRMED.

Decided 30 April, 1898.