**ROBINSON *v.* ROBINSON CHEESE COMPANY.**

93 Pac. 253.

APPEAL AND ERROR — TRANSFER OF CAUSE — TRANSCRIPT — TIME FOR FILING.

Under Section 549, B. & C. Comp., an appellant is required to file a transcript within thirty days after the perfection of the appeal. *Held,* that where, on notice of appeal, the trial judge entered in the bench docket a memorandum that appellant was given sixty days to file a bill of exceptions, the memorandum did not amount to an order enlarging the time to file a transcript.

From Tillamook: WILLIAM GALLOWAY, Judge.

Action by R. Robinson against the R. Robinson Cheese Company. From a judgment in favor of plaintiff, defendant appeals. Respondent now moves to dismiss the appeal.

DISMISSED.

*Mr. William H. Holmes* for the motion.

*Mr. Ralph R. Duniway, contra.*

Mr. Justice Moore delivered the opinion of the court.

This is a motion to dismiss an appeal. The plaintiff, on May 2, 1907, secured in the circuit court for Tillamook County, a judgment against the defendant, a corporation, whereupon the latter in open court gave oral notice of appeal, and on the same day served and filed an undertaking therefor. The judge at that time entered in the bench docket the following memorandum: "May 2d. Motion for new trial denied. Counsel for defendant saves exceptions and gives notice of appeal, and is given sixty days to file bill of exceptions. Plaintiff takes judgment." Though no exception was taken to the sufficiency of the sureties in the undertaking, and no other order obtained enlarging the time for the performance of any act relating to the appeal, the transcript was not filed in this court until July 22, 1907. The statute regulating the manner of taking appeals contains the following clauses:

"Within five days after service of said undertaking, the adverse party or his attorney shall except to the sufficiency of the sureties in the undertaking, or he shall be deemed to have waived his right thereto. * * From the expiration of the time allowed to except to the sureties in the undertaking, * * the appeal shall be deemed perfected": B. & C. Comp. § 549. "Upon the appeal being perfected, the appellant shall, within thirty days thereafter, file with the clerk of the appellate court a transcript. * * If the transcript * * is not filed with the clerk of the appellate court within the time provided, the appeal shall be deemed abandoned, and the effect thereof terminated, but the trial court or the judge thereof, or the supreme court or a justice thereof, may, upon such terms as may be just, by order enlarge the time for filing the same": B. & C. Comp. § 553.

An examination of these provisions in connection with the facts hereinbefore stated will show that the appeal was perfected May 7, 1907, but that the transcript was not filed in this court within 30 days thereafter. The question presented by this motion is whether or not the entry in the bench docket of the memorandum hereinbefore quoted can be construed as

an order enlarging the time to file a transcript. The filing of a transcript in an appellate court is the consummation of the means whereby that tribunal obtains jurisdiction of a cause. A bill of exceptions cannot be incorporated into a record until it has been made a part thereof by being allowed and certified to by the judge. When a court by an order enlarges the time in which to file a transcript, it thereby impliedly extends the time in which to secure a bill of exceptions, on the assumption that the greater regulation necessarily includes the less; but, as an order in an inferior matter does not embrace a superior prescription, it follows that the memorandum hereinbefore set forth, if it be treated as an order duly made and entered, does not enlarge the time for the filing of the transcript.

No jurisdiction of the appeal having been obtained, the motion must be allowed, and it is so ordered.      DISMISSED.

---

Decided 7 January, rehearing denied 4 February, 1908,