Decided February 23, 1909.

STATE v. BAY.

[99 Pac. 939.]

GAMING—MUNICIPAL CORPORATIONS—JURISDICTION.

The North Bend Charter (Laws 1903, pp. 102, 103, 114), authorizing the council to suppress gambling houses and to punish gamblers, giving the recorder jurisdiction of offenses against the ordinances, etc., does not give the city exclusive jurisdiction to prevent gambling nor take from the circuit court jurisdiction of prosecutions for gambling within the city.

From Coos: JAMES W. HAMILTON, Judge.

The defendant, Charles Bay, was convicted of gambling, and from the judgment and sentence which followed, he appeals.                    AFFIRMED.

Submitted on briefs under the proviso of Rule 16 of the Supreme Court. 50 Or. 580.

For appellant there was a brief over the names of *Messrs. Guerry & Hollister* and *Mr. Austin S. Hammond.*

For the State there was a brief over the name of *Mr. George M. Brown,* District Attorney.

MR. JUSTICE KING delivered the opinion of the court.

Charles Bay was indicted, tried, and convicted for unlawfully playing and carrying on, for money, within the city of North Bend a certain gambling game known as "poker," and from a judgment sentencing him to pay a fine he appeals.

The sole question here presented relates to the jurisdiction of the circuit court to try the case, in reference to which it is maintained that the charter of North Bend gives to the city exclusive jurisdiction of all

gambling games, the parts bearing thereon being as follows:

"The power and authority given to the municipal corporation of the City of North Bend by this act is vested in a mayor, common council, recorder, treasurer and marshal, and their successors in office."

"The council has power and authority within the City of North Bend * * to regulate, prevent or suppress gaming or gambling houses, or places where any game in which chance predominates is played for anything of value, and to punish any person who engages in such games or frequents such a house or place. * * "

"The recorder shall be the judicial, accounting and clerical officer of the city, and shall have jurisdiction of all offenses and violations of the laws and ordinances of the city, and may fine or commit any person guilty thereof, and shall hold a court therein at such place as the council may designate, which said court shall be known and designated as 'The Recorder's Court.' He shall have authority to issue process for the arrest of any person or persons accused of any offense against the ordinances and laws of the city, and may commit such persons to imprisonment or admit them to bail pending trial; to issue subpœnas and compel witnesses to appear and testify at the trial of any case before him, and compel obedience thereto; to issue any and all process necessary to carry into effect the judgment or sentence of the recorder's court." Laws 1903, pp. 98, 102, 103, 114.

The question here relied upon by the appellant is determined adversely to his contention in the case of *State* v. *Ayers,* 49 Or. 61, 70 (88 Pac. 653: 10 L. R. A. (N. S.) 992), in which Mr. Justice MOORE quotes with approval from *State* v. *Gordon,* 60 Mo. 383, as follows: "When the power to hear and determine these minor offenses is given to a municipal corporation, but no words of exclusion or restriction are used, the remedies between the State and the corporation will be construed to be concurrent; but, where the manifest intention is that the prosecution shall be limited exclusively to one jurisdiction, that intention must prevail." The charter quoted

does not purport to give to the City of North Bend exclusive jurisdiction either to prevent gambling or to take from the circuit court the jurisdiction to try statutory offenses and violations of this character.

The judgment of the court below is affirmed.

AFFIRMED.

———

Decided February 23, 1909.