Decided February 23, 1909.

## STATE v. SHORT.

[99 Pac. 1043.]

GAMING—STATUTES—REPEAL—MUNICIPAL ORDINANCE.

Section 1944, B. & O. Comp., providing that every person who shall deal, play, or carry on numerous games, including roulette, shall be guilty of a misdemeanor, was not repealed in so far as the city of North Bend was concerned by North Bend City Charter (Laws 1903, p. 103, § 27, subd. 5), declaring that the council of such city shall have power therein to regulate, prevent or suppress gaming and to punish any person engaging therein.

From Coos: JAMES W. HAMILTON, Judge.

The defendant, W. H. Short, was indicted, tried and convicted of gambling, and from the judgment and sentence following, he appeals.          AFFIRMED.

Submitted on briefs under the proviso of Rule 16 of the Supreme Court. 50 Or. 580.

For appellant there was a brief over the names of *Messrs. Guerry & Hollister* and *Mr. Austin S. Hammond.*

For the State there was a brief over the name of *Mr. George M. Brown,* District Attorney.

MR. JUSTICE KING delivered the opinion of the court.

Defendant was indicted, tried, and convicted for unlawfully conducting and playing for money, within the cor-

porate limits of the City of North Bend, a certain gambling game known as "roulette." The charter of the city provides:

"The council has power and authority within the City of North Bend * * to regulate, prevent or suppress gaming * * and to punish any person who engages in such games. * * " Laws 1903, p. 103, § 27, subd. 5.

The statute bearing upon the same subject (Section 1944, B. & C. Comp.), provides that every person who shall deal, play, or carry on, open, or conduct any of the numerous games there mentioned, among which is that of "roulette," shall be deemed guilty of a misdemeanor, etc.

The sole question, then, with which we are confronted, is whether this provision of the charter—it having been adopted since section 1944 of the Code—repeals by implication or otherwise, so far as applies to North Bend, that part of the section relating to gambling in reference to which it is maintained by defendant that the charter repeals the statutory provisions on the subject. The charter does not purport to give to the City of North Bend exclusive jurisdiction to prevent gambling, and, since this offense was recognized at common law, the charter does not repeal or affect the general laws upon the subject, or prevent a prosecution thereof under both the statute and charter.

This question was fully determined by this court, adversely to the position as here urged, in *State* v. *Ayres,* 49 Or. 61 (88 Pac. 653: 10 L. R. A. (N. S.) 992); and in *State* v. *Baker,* 50 Or. 381 (92 Pac. 1076), making a further discussion thereof unnecessary.

It follows from an application of the rule invoked on the subject in the cases cited that the judgment of the circuit court must be affirmed.　　　AFFIRMED.