## STARK *v.* MARSHALL.
## GEORGOUSIS *v.* McCOY.

[120 Pac. 372.]

APPEAL AND ERROR—TRANSCRIPT—TIME OF FILING.

Under Section 550, subds. 2, 4, L. O. L., providing that within 10 days from notice of appeal the appellant shall serve his undertaking, and the

adverse party must, within 5 days, except to the sureties, and that from the expiration of the time allowed to except to the sureties the appeal shall be deemed perfected, and section 554, providing that, the appeal being perfected, the appellant shall file, within 30 days thereafter, the transcript, the undertaking having been filed on November 24th, a transcript filed on January 2d was too late.

From Hood River: WILLIAM L. BRADSHAW, Judge.

Statement by MR. JUSTICE BURNETT.

This is an action by S. W. Stark against H. E. Marshall and George W. McCoy and an action by Gust Georgousis against George W. McCoy and H. E. Marshall.

As affected by the motion to dismiss the appeal, the records in these two cases are identical, so they may be considered together for the purposes of this opinion. The notice of appeal and undertaking were each served on the respondent November 24, 1911, and were filed with the clerk of the circuit court December 4, 1911. There were no exceptions to the surety in the undertaking. The transcript on appeal was filed in this court January 2, 1912. No order of any court or judge was ever made, extending the time within which to file the transcript or abstract of record. The respondent moves to dismiss the appeal, because the transcript was not filed within the period prescribed by law.                    DISMISSED.

*Mr. Hayward H. Riddell* for the motion.

*Mr. S. W. Stark, contra.*

MR. JUSTICE BURNETT delivered the opinion of the court.

"Within ten days from the giving of notice or service of notice of the appeal, the appellant shall cause to be served on the adverse party or his attorney an undertaking as hereinafter provided. * * Within five days after service of said undertaking the adverse party or his attorney shall except to the sufficiency of the sureties in the undertaking or he shall be deemed to have waived his right thereto. * * From the expiration of the time allowed to except to the sureties in the undertaking, or from the justification thereof if excepted to, the appeal

shall be deemed perfected." Section 550, L. O. L., subds. 2, 4.

"Upon the appeal being perfected, the appellant shall within thirty days thereafter, file with the clerk of the appellate court a transcript or such an abstract as the rules of the appellate court may require * * together with a copy of the judgment or decree appealed from, the notice of appeal and proof of service thereof and of the undertaking on appeal; and thereafter the appellate court shall have jurisdiction of the cause but not otherwise. * * If the transcript or abstract is not filed with the clerk of the appellate court within the time provided, the appeal shall be deemed abandoned and the effect thereof terminated, but the trial court or the judge thereof, or the Supreme Court, or a justice thereof may, upon such terms as may be just, by order enlarge the time for filing the same; but such order shall be made within the time allowed to file the transcript. * *" Section 554, L. O. L.

The undertaking having been served November 24, 1911, the time for excepting to the surety therein expired in 5 days afterwards, or on November 29, 1911. On the following day (November 30th) began the 30 days within which, unless extended by order of the circuit or Supreme Court, or some judge of either, the transcript or abstract on appeal must have been filed with the clerk of this court. That period of 30 days expired December 30, 1911, but the transcript was not filed until January 2, 1912.

The counsel for appellant is in error in contending that the 30 days alluded to begins from and after the date of filing the undertaking with the clerk of the circuit court. That date does not govern the matter. By the requirement of the statute, the transcript must be filed within 30 days after the appeal is perfected, unless the time was extended, which is not claimed in this case. The rule is well established, not only by the statute itself, but also by the decisions construing it, that compliance with the terms of the sections, from which excerpts have been

taken is essential to the jurisdiction of this court, and that disregard of them is fatal to an appeal. *Robinson* v. *Robinson Cheese Co.,* 50 Or. 453 (93 Pac. 253) ; *Burchell* v. *Averill Machinery Co.,* 55 Or. 113 (105 Pac. 403) ; *Harrington* v. *Phipps,* 56 Or. 261 (108 Pac. 185).

The appeal in each case is dismissed.

MOTION TO DISMISS APPEAL ALLOWED: REHEARING DENIED.