Motion to dismiss appeal denied September 21, 1915.
Appeal dismissed on stipulation September 4, 1917.

## FREEMAN *v.* SOUTHERN PAC. CO.

(151 Pac. 654.)

**Appeal and Error—Record—Transcript—Time of Filing—"Proceedings."**

1. Where on appeal an order was made extending the time in which to file "a transcript of the testimony and proceeding" until July 10th, the word "proceedings" was broad enough to cover the entire transcript, and a filing on April 8th was sufficient.

From Multnomah: ROBERT G. MORROW, Judge.

On motion of respondent to dismiss appeal. Motion denied.

*Mr. Arthur I. Moulton,* for the motion.

*Mr. William D. Fenton, Mr. Ralph E. Moody, Mr. John F. Reilly* and *Mr. Paul P. Farrens, contra.*

In Banc. MR. JUSTICE EAKIN delivered the opinion of the court.

This is a motion to dismiss the appeal. The plaintiff obtained a judgment against the defendant on the seventh day of March, 1915. On the 4th of May a notice of appeal was served and filed. May 12th an undertaking was served and filed.

On the tenth day of June the court below made this order:

"On motion of defendant it is hereby ordered and decreed that the defendant have to and including the 10th day of July, 1915, within which to file a transcript of the testimony and proceedings had in the above entitled cause with the clerk of the supreme court of the State of Oregon."

The transcript was filed July 8th. Plaintiff now moves to dismiss the appeal for the reason that this transcript was not filed within the time required by law. The decision of this motion must turn on the meaning of the word "proceedings," as this court held in *Robinson* v. *Robinson Cheese Co.,* 50 Or. 453 (93 Pac. 253), that time given in which to file a bill of exceptions does not extend the time for filing a transcript. In *Ex parte McGee,* 33 Or. 165 (54 Pac. 1091), this court defined the word "proceedings" thus:

" 'Proceeding' is defined by Black as follows: 'In a general sense, the form and manner of conducting judicial business before a court or judicial officers; regular and orderly progress in form of law; including all possible steps in an action, from its commencement to the execution of judgment. In a more particular sense, any application to a court of justice, however made, for aid in the enforcement of rights, for relief, for redress of injuries, for damages, or for any remedial object': Black Law. Dict. Bouvier defines it thus: 'In its general acceptation, this word means the form in which actions are to be brought and defended, the manner of intervening in suits, of conducting them, of opposing judgments, and of executing them.' Bouv. Law Dict. Duer, J., in *Rich* v. *Husson,* 1 Duer, 617, says: 'The word "proceeding," both in its popular use and in its technical application, has a definite meaning, which we cannot alter or enlarge. It means, in all cases, the performance of an act, and is wholly distinct from any consideration of an abstract right. A proceeding in a civil action is an act necessary to be done in order to attain a given end. It is a prescribed mode

of action for carrying into effect a legal right, and, so far from involving any consideration or determination of the right, presupposes its existence. The proceeding follows the right. The rules by which proceedings are governed are rules of procedure; those by which rights are established and defined, rules of law. It is law which gives a right to costs, and fixes their amount. It is procedure which declares when and by whom the costs to which a party has a previous title shall be adjusted or taxed, and when by whose direction a judgment in his favor shall be entered.' In *Wilson* v. *Allen,* 3 How. Pr. 369, the court being authorized at any time, in furtherance of justice, to amend any pleading or proceeding by correcting a mistake in any respect, it was held that the use of the term 'proceeding' in that connection authorized the allowance of an amendment of an undertaking on appeal. So, in *Langstaff* v. *Miles,* 5 Mont. 554 (6 Pac. 356), it was held, under a similar statutory authorization, that the court was empowered to allow an amendment of an undertaking for an attachment. So, in *Reg.* v. *London, C. & D. Ry. Co.,* L. R. 3 Q. B. 170, it was held that the taxation of costs was a proceeding within a statute which provided, in effect, that, from and after the passing of a certain act, no actions, suits, attachments, executions, or other proceedings against a railroad company therein named should be commenced or continued. And in *Smith* v. *Bank,* 5 Pet. 518 (8 L. Ed. 212), and *Ward* v. *Cohen,* 3 S. C. 338, it is said that proceedings of the sheriff under execution are part of the proceedings in the cause. For other cases illustrating the application, import, and general scope of the term, see *Hine* v. *Belden,* 27 Conn. 384; *Williamson* v. *Champlin,* Clarke Ch. (N. Y.) 9; *Bonesteel* v. *Orvis,* 31 Wis. 117; *Hogan* v. *Hoyt,* 37 N. Y. 300.''

The tendency of all the decisions of this court has been not to dismiss an appeal seemingly prosecuted in good faith if by any reasonable intendment the appeal could be held good. Tested by the rule quoted

above, we think the word "proceedings" is broad enough to cover the transcript; and the motion to dismiss is denied.                      MOTION DENIED.

NOTE.—Appeal dismissed on stipulation September 4, 1917.                                      REPORTER.