Argued by appellant December 6, 1923, reversed February 26, 1924.

GARRY HARLOW *v.* W. G. CLOW.

(223 Pac. 541.)

**Habeas Corpus—Does not Take the Place of an Appeal.**

1. The writ of *habeas corpus* does not take the place of an appeal, it being a civil proceeding providing a remedy for one wrongfully deprived of his liberty.

110 Or.—17

Criminal Law—Excessive Sentence Void Only as to Excess.

2. An excessive sentence for punishment for crime is valid as to that part which is authorized by law, and is void only as to the excess, especially where the valid portion of the judgment is separable from the void part.

Habeas Corpus—Will not Lie to Discharge Prisoner Held Under Excessive Sentence Until He has Served the Authorized Part of It.

3. Habeas corpus will not lie to discharge a prisoner held under an excessive sentence before he has satisfied the authorized part of it; but, when the authorized part has been served, further detention is illegal, and relief may then be had by habeas corpus.

Fines—Judgment Held Sufficient to Require the Imprisonment of Defendant Until Fine was Satisfied.

4. Where the judgment entered by the court in a criminal prosecution failed to state that the defendant should be imprisoned upon making default in payment of the fine, it was sufficient in view of Section 1577, Or. L., to require the imprisonment of defendant until the fine was satisfied at the rate of one day for every $2 of fine.

Constitutional Law—Imprisonment for Failure to Pay Fine not a Punishment for the Crime, and Therefore not Violative of Constitution—"Imprisonment for Debt."

5. The imprisonment arising from defendant's failure to pay a fine is deemed in law not a punishment for the crime, but as a means of enforcing the payment thereof, and is not contrary to Constitution, Article I, Section 19, as being imprisonment for debt.

Municipal Corporations—Ordinance Defining Offense of Vagrancy Held not in Conflict With Statute.

6. A city ordinance defining the offense of vagrancy and providing for its punishment was not in conflict with Sections 2086—1, 2086—2, Or. L., every act constituting vagrancy under the city ordinance being deemed vagrancy under the statute, and vice versa, the only difference being that the penalty provided by the ordinance was smaller than that prescribed by the statute.

Municipal Corporations—Ordinance Defining Vagrancy Held not Violative of Constitution.

7. A city ordinance defining the offense of vagrancy and providing for its punishment was not violative of Constitution,

---

3. Effect of excessive sentence on application for habeas corpus, see notes in 7 Ann. Cas. 144; Ann. Cas. 1916D, 368; 45 L. R. A. 139; 51 L. R. A. (N. S.) 374.

5. Constitutionality of imprisonment to enforce orders or decrees of court, see notes in Ann. Cas. 1912D, 1339; 34 L. R. A. 661; L. R. A. 1915B, 649.

6. Power of municipality to punish vagrancy, which also is an offense under state law, see note in 17 L. R. A. (N. S.) 52.

See 12 C. J., pp. 940, 941; 16 C. J., p. 1312; 25 C. J., pp. 1157, 1158; 29 C. J., pp. 8, 12, 25, 59, 60; 28 Cyc. 698, 702.

Article XI, Section 2, prohibiting a municipality from enacting legislation making lawful that which the state has denounced as a crime, where the ordinance and statute relating to vagrancy were not in conflict, but in harmony.

**Municipal Corporations—Statute Defining Vagrancy Held not to Prevent Municipality from Defining Offense.**

8. That Sections 2086—1, 2086—2, Or. L., defining and denouncing the crime of vagrancy and committing to the Circuit and Justice Courts, exclusive jurisdiction in the matter of the prosecution therefor, does not exclude municipalities from the enactment of ordinances defining and punishing the same acts as offenses against the peace and order of such municipalities.

**Criminal Law—Same Act may Constitute an Offense Against Both State and Municipality.**

9. An act may constitute an offense against both the state and a municipality.

From Klamath: A. L. LEAVITT, Judge.

Department 2.

This is a *habeas corpus* proceeding. Garry Harlow, the petitioner, was convicted of vagrancy in the Municipal Court of the City of Klamath Falls. Thereafter, he instituted this proceeding against the defendant, W. G. Clow, as chief of police of the City of Klamath Falls. The petitioner alleged that he was restrained of his liberty unlawfully;

"that the purported, alleged or pretended conviction upon which said Garry Harlow is now being imprisoned and restrained of his liberty was under and by virtue of Ordinance 259 of said city, which * * provides * * that any person found guilty of violation of its provisions shall be punished as follows: by a fine not to exceed $100, or by imprisonment not to exceed 50 days, or both such fine and imprisonment * *.

"That said police judge has exceeded his jurisdiction in imposing the punishment set out in the purported commitment attached hereto, marked Exhibit 'A,' and made a part hereof, in imposing an additional 50 days' punishment in the event of the default of $100 fine set out therein, making an aggregate of 75 days' punishment."

The application for the writ was made before the defendant had served the term of imprisonment confessedly lawfully imposed. However, the court took the position that Ordinance 259 of the City of Klamath Falls conflicts with Sections 2086—1, 2086—2, Oregon Laws, and, basing its judgment upon that ground, made an order sustaining the writ and discharging the prisoner.          Reversed.

For appellant there was a brief and oral argument by *Mr. J. H. Carnahan*, City Attorney.

No appearance for respondent.

BROWN, J.—1. The writ of *habeas corpus* does not take the place of an appeal. It is a civil proceeding providing a remedy for one who is wrongfully deprived of his liberty.

Upon a conviction for vagrancy, the Municipal Court of the City of Klamath Falls is empowered to impose a sentence of not more than 50 days, or a fine of not to exceed $100, or both such fine and imprisonment. The Municipal Court did pronounce judgment upon the petitioner, imposing upon him a penalty of 25 days in jail and a fine of $100. Before the petitioner had served his jail sentence of 25 days, lawfully passed, he instituted this proceeding.

2, 3. While there is some conflict among the authorities of other states, it is well settled in this state, and supported by the great weight of authority in other jurisdictions, that an excessive sentence is valid as to that part of it which is authorized by law, and is void only as to the excess, especially whenever the valid

portion of the judgment is separable from the excessive.

"In accordance with this view, *habeas corpus* will not lie to discharge a prisoner held under an excessive sentence before he has served or satisfied the authorized part of it. * * But after the authorized part has been served or satisfied, further detention is illegal, and relief may be had by *habeas corpus*." 29 C. J. 59, 60.

To the same effect is *Ex parte Foster,* 69 Or. 319 (138 Pac. 849).

4. By the provisions of the charter and ordinance of the City of Klamath Falls, and by virtue of Oregon Laws, § 2480, the following section of our Code is applicable to the case at bar:

"A judgment that the defendant pay a fine must also direct that he be imprisoned in the county jail until the fine be satisfied, specifying the extent of the imprisonment, which cannot exceed one day for every two dollars of the fine; and in case the entry of judgment should omit to direct the imprisonment and the extent thereof, the judgment to pay the fine shall operate to authorize and require the imprisonment of the defendant until the fine is satisfied at the rate above mentioned." Or. L., § 1577.

While the judgment entered by the court failed to specify that the defendant should be imprisoned upon making default in the payment of the fine, the law supplies the deficiency, and the corrected commitment contained in the answer made by the defendant in this proceeding is sufficient.

5. The imprisonment arising from the defendant's failure to pay the fine is deemed in law not a punishment for the crime, but as a means of enforcing the payment thereof: *State* v. *Sheppard,* 15 Or. 598 (16 Pac. 483); *Ex parte McGee,* 33 Or. 165 (54 Pac. 1091).

It is a general rule that a defendant may be committed for default in the payment of a fine, and such imprisonment is not contrary to Article I, Section 19, of the Constitution, providing that—

"There shall be no imprisonment for debt except in case of fraud or absconding debtors."

See 8 Ency. of Plead. & Prac., 977; 25 C. J. 1159.

6. The contention of the petitioner here is similar to the position taken by the appellant in *Ex parte McGee*, 33 Or. 165 (54 Pac. 1091). In that case the defendant was convicted, in the Municipal Court of the City of Portland, of disorderly conduct, and was sentenced to pay a fine of $200, and, in default of such payment it was ordered that he be committed to the city prison for 100 days. It was argued in that case that because of a provision in the city charter limiting the power of imprisonment by the Municipal Court to ninety days, the commitment of the accused for 100 days was in violation of that regulation. The court said:

"We have anticipated this proposition somewhat by previous considerations. *State* v. *Sheppard*, 15 Or. 598 (16 Pac. 483) * * . The imprisonment is merely a prescribed mode of enforcing the payment of the fine, and, as we have seen, constitutes a step in the Code of Criminal Procedure to be pursued in all cases involving the imposition of a fine. The punishment permitted by the charter and fixed by the ordinance is imprisonment or fine, or both. All beyond is mere mode or manner of enforcement. The first can only be satisfied by serving out the prescribed term in prison, while the latter may be satisfied by payment of the fine imposed; but for the coercion of that payment the statute has prescribed a mode of procedure, which is to commit the accused to prison for a term not exceeding one day for every $2.00 of the fine. The mode and manner of enforcing the pun-

ishment should not be confounded with the punishment itself, or regarded as a part of it; and, if this obvious distinction is kept in view, the power of the court to direct imprisonment under the statutory regulations for the coercion of the payment of the fine becomes clear and incontrovertible.''

The Circuit Court's ruling denies to the municipal governments of this state the right to protect themselves against vagrancy by ordinance. The court below erroneously held that Sections 2086—1 and 2086—2 of our state statute, defining vagrancy, prescribing punishment therefor, and providing the jurisdiction for the prosecution thereof, exclude municipalities from enacting legislation such as Ordinance No. 259 of the City of Klamath Falls denouncing vagrancy as an offense against the municipality. The court's ruling was based upon the theory that the city ordinance conflicted with the state statute and was prohibited by the Home Rule Amendment: Art. XI, § 2, Const. An examination of the statute and the ordinance will show that they are not in conflict, but in perfect harmony. Every act constituting vagrancy under the city ordinance is likewise deemed vagrancy by the state statute, and *vice versa*. The city ordinance is a duplicate of the state statute, except that the penalty prescribed by the ordinance is smaller than that prescribed by statute. It was not the intention of the legislative assembly, by the enactment of the statute against vagrancy, to occupy the whole field of legislation upon that subject.

7. The constitutional provision prohibits a municipality from enacting legislation making that lawful which the state has denounced as a crime. The amendment strikes at conflicting laws, not at acts that are in harmony.

8, 9. The state statute defining and denouncing the crime of vagrancy commits to the Circuit and Justice Courts exclusive jurisdiction in the matter of the prosecution of the offended laws of the State of Oregon. But that statute does not contemplate the exclusion of municipalities from the enactment of ordinances defining and punishing the same acts as offenses against the peace and order of such municipality. Similar questions have been before this court a number of times, and it is uniformly held that the mere fact that an offense is made punishable by state statute does not prevent a city from legislating on the same subject; or, when an act is defined as an offense against the laws of the city, the state is not excluded from legislating upon the same subject. It is well settled that the same act may constitute an offense against the state and a municipality: *State v. Sly,* 4 Or. 277; *State v. Bergman,* 6 Or. 341; *Wony v. Astoria,* 13 Or. 538 (11 Pac. 295); *State v. Ayers,* 49 Or. 61 (88 Pac. 653, 124 Am. St. Rep. 1036, 10 L. R. A. (N. S.) 992); *State v. Bay,* 53 Or. 241 (99 Pac. 939); *State v. Cook,* 53 Or. 243 (99 Pac. 940); *State v. Gardner,* 53 Or. 244 (99 Pac. 940); *State v. Nasberg,* 53 Or. 244 (99 Pac. 940); *State v. Short,* 53 Or. 245 (99 Pac. 1043); *State v. Ferry,* 53 Or. 247 (99 Pac. 1044); *United States v. Lanza,* 260 U. S. 377 (67 L. Ed. 314, 43 Sup. Ct. Rep. 141); notes, 13 Ann. Cas. 799; Ann. Cas. 1912D, 677.

In the case of *Portland v. Parker,* 69 Or. 271 (138 Pac. 852), it was decided that the state law defining vagrancy did not conflict with the ordinance of the City of Portland. In that case this court, speaking through Mr. Justice McBRIDE, said:

"The statute of 1911 makes any person guilty of violent, riotous or disorderly conduct, or of using

abusive or obscene language in any public place, street or highway, whereby the peace and quiet of the neighborhood is disturbed, a vagrant, and, if the contention of the defendant is upheld, takes away from the city authorities the power to punish that class of offenses most frequently the subject of police supervision in the cities. There is nothing in the city ordinance that conflicts with the state law except that the punishment upon conviction in the municipal court may be somewhat lighter than upon conviction in the state court. But, from the very earliest judicial history of the state, the law has provided that persons convicted in justices' courts of assaults and other like offenses may be punished by a fine, or by a small fine and imprisonment, while, if convicted of a like affair in the circuit courts, the punishment is much greater."

Notwithstanding the failure of the applicant for writ of *habeas corpus* to appear in this court, we have given his petition the most careful consideration.

The order of the Circuit Court is reversed and set aside.                            REVERSED AND SET ASIDE.

MCBRIDE, C. J., and BEAN and MCCOURT, JJ., concur.