Argued and submitted October 12, reversed and remanded
with instructions December 21, 1983

## CITY OF PORTLAND,
*Appellant,*

*v.*

## SUNSERI,
*Respondent.*

## (DA 236332-8206AP; CA A27809)

673 P2d 1369

Jan Peter Londahl, Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were Dave Frohnmayer, Attorney General, and William F. Gary, Solicitor General, Salem.

No appearance for respondent.

Before Richardson, Presiding Judge, and Van Hoomissen and Newman, Judges.

VAN HOOMISSEN, J.

## VAN HOOMISSEN, J.

The city appeals the dismissal of a complaint charging defendant with unlawful employment of a minor in violation of Portland City Ordinance No. 130672, Section 14.28.050.[1] The trial court dismissed the complaint on the ground that the ordinance is preempted by ORS 167.830, 167.840 and "OLCC regulation." We reverse and remand.

Section 14.28.050 provided:

"It is unlawful for any person to employ a person under 21 years of age to perform as an entertainer, other than a musician, in a room or enclosure where alcoholic liquor is offered for sale to the public by the individual drink."

ORS 167.830 provides:

"(1) Except as provided in ORS 167.840, any person operating or conducting a place of public amusement or entertainment, who employs or allows a child under the age of 18 years to conduct or assist in conducting any public dance, including but not limited to dancing by the child as a public performance, or to assist in or furnish music for public dancing, shall be punished upon conviction by a fine of not more than $100."

ORS 167.840 provides:

"(1)   ORS 167.830 does not apply if:

"(a)   Alcoholic beverages are not permitted to be dispensed or consumed in the place of public amusement or entertainment open to the individuals attending the public dance;

"(b)   Alcoholic beverages are not permitted to be dispensed or consumed in any place connected by an entrance to the place of public amusement or entertainment;

"(c)   Applicable laws, regulations and ordinances for the protection of children under the age of 18 years are observed in the conduct of the dance; and

"(d)   At least one responsible adult is present at all times during the public dance to see that applicable laws, regulations and ordinances for the protection of children under 18 years of age are observed.

---

[1] Section 14.28.050 was repealed, effective March 1, 1983.

"(2) ORS 167.830 does not apply if the child has the written permission of the judge of the juvenile court, for the county in which the child resides, to conduct or assist in conducting the public dance. The judge of the juvenile court shall grant such permission only if:

"(a) The parents of legal guardians of the child have consented to the child's participation in such activity; and

"(b) The judge has found that participation in such activity will not be inconsistent with the health, safety and morals of the child.

"(3) *This section is not intended to make lawful any activity that is prohibited within a political subdivision of this state by ordinance or other regulation of the political subdivision.*

"(4) The requirements of this section are in addition to, and not in lieu of, the requirements of ORS 653.315." (Emphasis supplied.)

Section 14.28.050 is more restrictive than the relevant state statutes. It prohibits the employment of a person under 21 as an entertainer other than a musician. State statutes prohibit such employment only under 18.

In *LaGrande/Astoria v. PERB,* 281 Or 137, 148, 576 P2d 1204, *former opinion adhered to,* 284 Or 173, 586 P2d 765 (1978), the Supreme Court stated:

"Outside the context of laws prescribing the modes of local government, both municipalities and the state legislature in many cases have enacted laws in pursuit of substantive objectives, each well within its respective authority, that were arguably inconsistent with one another. In such cases, the first inquiry must be whether the local rule in truth is compatible with the legislative policy, either because both cannot operate concurrently or because the legislature meant its law to be exclusive. It is reasonable to interpret local enactments, if possible, to be intended to function consistently with state laws, and equally reasonable to assume that the legislature does not mean to displace local civil or administrative regulation of local conditions by a statewide law unless that intention is apparent. However, when a local enactment is found incompatible with a state law in an area of substantive policy, the state law will displace the local rule. * * *" (Citations and footnotes omitted.)

ORS 471.045 explains the legislature's intent regarding preemption in the field of liquor control:

"The Liquor Control Act, designed to operate uniformly throughout the state, shall be paramount and superior to and shall fully replace and supersede any and all municipal charter enactments or local ordinances inconsistent with it. Such charters and ordinances hereby are repealed."

Because ORS 471.045 provides only that inconsistent local ordinances are preempted by the Liquor Control Act, it is clear that the legislature did not intend to retain exclusive regulatory power in the field of liquor control. ORS 167.840(3) specifically recognizes the power of cities to enact ordinances in this area that are not inconsistent with state law. The issue here, then, is whether Section 14.28.050 is inconsistent with any provisions of the Liquor Control Act. We conclude that it is not.

In *Terry v. City of Portland,* 204 Or 478, 269 P2d 544 (1955), the Supreme Court, quoting 37 Am Jur, *Municipal Corporations,* § 165 stated:

"* * * It has been held that in determining whether the provisions of a municipal ordinance conflict with a statute covering the same subject, the test is whether the ordinance prohibits an act which the statute permits, or permits an act which the statute prohibits.

"* * * Thus, where both an ordinance and a statute are prohibitory and the only difference between them is that the ordinance goes further in its prohibition, but not counter to the prohibition under the statute, and the municipality does not attempt to authorize by the ordinance what the legislature has forbidden or forbid what the legislature has expressly licensed, authorized, or required, there is nothing contradictory between the provisions of the statute and the ordinance because of which they cannot coexist and be effective."

*See also State ex rel Haley v. City of Troutdale,* 281 Or 203, 576 P2d 1238 (1978); *Harlow v. Clow,* 110 Or 257, 223 P 541 (1924), *overruled on other grounds* 213 Or 205, 223, 324 P2d 475 (1958).

Section 14.28.050 goes further than, but not counter to, the statutes relied on by the trial court. It does not conflict with those statutes. The trial judge erred when he concluded otherwise.

Reversed and remanded with instructions to reinstate the complaint.