Argued and submitted October 17, 1990, affirmed January 23, 1991

# DENTON PLASTICS, INC.;
Careers, Inc.; Owl Enterprises, Inc.;
Salt of the Earth, Inc.;
Rich Weinstock, dba R & L Enterprises;
McDonald's Restaurants of Oregon, Inc.;
Triple J.S. Enterprises, Inc.;
Gage Industries, Inc.; Irwin Research
& Development, Inc.; Gerald Herrman;
Collins Foods International, Inc.,
dba Kentucky Fried Chicken;
Industrial and Foodservice Packaging, LTD.;
Petcher Enterprises, Inc.; Encore, Inc.;
and Timothy Jacobsen, dba The Wooden Spoons,
*Appellants,*

*v.*

# CITY OF PORTLAND,
*Respondent.*

(8912-07706; CA A63744)

804 P2d 1199

Mark Cushing, Portland, argued the cause for appellants. With him on the briefs were Barbee B. Lyon, Diane K. Bridge and Tonkon, Torp, Galen, Marmaduke & Booth, Portland.

Terence L. Thatcher, Deputy City Attorney, Portland, filed the brief for respondent.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

WARREN, P. J.

## WARREN, P. J.

Portland City Ordinance No. 161573 prohibits the sale of prepared food in polystyrene foam (PSF) containers. Plaintiffs in this case contend that the ordinance conflicts with state law that calls for recycling of solid waste, ORS 459.015(2)(a)(C), before sending it to a landfill. ORS 459.015(2)(a)(E).[1] They brought an action seeking declaratory relief and to enjoin enforcement of the ordinance. The trial court granted the city's motion for summary judgment and denied relief. The court concluded that, because there was no facial conflict between the state law and the ordinance, the ordinance was valid and no other evidentiary inquiry was necessary or appropriate. We affirm.

On review of a summary judgment, we examine whether there are any disputed issues of material fact and whether the prevailing party was entitled to a judgment as a matter of law. ORCP 47C; *Seeborg v. General Motors Corp.,* 284 Or 695, 699, 588 P2d 1100 (1978).

Plaintiffs present a two-fold argument. First, they argue that the trial court used an erroneous legal standard in granting summary judgment. They argue that the appropriate standard for admissibility of evidence is much broader: If a municipal ordinance's effects are contrary to state law and evidence is necessary to show those effects, then plaintiffs should be entitled to present whatever evidence is admissible under the Oregon Evidence Code. Second, plaintiffs claim

---

[1] ORS 459.015(2) provides:

"In the interest of the public health, safety and welfare and in order to conserve energy and the natural resources, it is the policy of the State of Oregon to establish a comprehensive state-wide program for solid waste management which will:

"(a) After consideration of technical and economic feasibility, establish priority in methods of managing solid waste in Oregon as follows:

"(A) First, to reduce the amount of solid waste generated;

"(B) Second, to reuse material for the purpose it was originally intended;

"(C) Third, to recycle material that cannot be reused;

"(D) Fourth, to recover energy from solid waste that cannot be reused or recycled, so long as the energy recovery facility preserves the quality of air, water and land resources; and

"(E) Fifth, to dispose of solid waste that cannot be reused, recycled or from which energy cannot be recovered by landfilling or other method approved by the department."

that a disputed issue of material fact exists as to whether the ordinance conflicts with state law. They wanted to introduce evidence to show that PSF is recyclable and that banning its use will force restaurants to use wax or plastic coated cardboard that cannot be recycled. The ordinance violates state law, plaintiffs conclude, because it would in fact increase the amount of solid waste in landfills.

■    The Supreme Court articulated the standard for statutory preemption in *City of LaGrande v. PERB,* 281 Or 137, 149, 576 P2d 1204 (1978). That case held that in state preemption analysis

> "the *first inquiry* must be whether the local rule *in truth is incompatible* with the legislative policy, either because *both cannot* operate concurrently or because the legislature meant its law to be exclusive." 281 Or at 148. (Emphasis supplied.)

Preemption analysis involves a two-step test: First, does the local ordinance conflict with state law and, if so, did the legislature intend to permit a conflict? The Court appeared to move away from that two-step test in *City of Portland v. Lodi,* 308 Or 468, 474, 782 P2d 415 (1989), which focuses on legislative intent in determining whether an ordinance is preempted:

> "The search is not for particular words but for a political decision, for what the state's lawmakers either did or considered and chose not to do." 308 Or at 474.

Nevertheless, we read *Lodi's* emphasis on legislative intent not as eliminating the two-step test but, rather, as clarifying the second step when there is no direct facial conflict between the statute and local ordinance.

■■   When a local ordinance is facially incompatible with or directly contradicts a state law in an area of substantive policy, the state law will displace the local ordinance. *City of LaGrande v. PERB, supra,* 281 Or at 149. If there is no facial conflict between the two laws, then the court looks to the substance of the regulations. If the two are wholly unrelated, then the local ordinance is not preempted. For example, state regulations on solid waste do not preempt municipal ordinances setting parking fines. If the two laws deal with regulation of the same subject, a court could conclude that they do not conflict, because they are not inconsistent with one another. *Haley v. City of Troutdale,* 281 Or 203, 210, 576 P2d

1238 (1978). If that is true, then the court looks at whether the laws are civil or criminal.

When the substance of the two laws is civil and they do not conflict on their faces, there is a presumption against preemption, unless there is clear legislative intent that the state regulations were intended to be exclusive. *City of LaGrande v. PERB, supra,* 281 Or at 149. Laws conflict only when they cannot operate concurrently. *City of Portland v. Lodi, supra,* 308 Or at 472. "Concurrent" means the state and local laws can operate consistently and are not repugnant to each other. Laws can operate concurrently even if they cannot operate simultaneously. *City of Portland v. Dollarhide,* 71 Or App 289, 293, 692 P2d 162 (1984), *aff'd* 300 Or 490, 714 P2d 220 (1986); *see also Terry v. City of Portland,* 204 Or 478, 269 P2d 544 (1954); *City of Portland v. Sunseri,* 66 Or App 261, 673 P2d 1369 (1983).

If the laws are criminal laws, and even if they do not facially conflict, the presumption is in favor of preemption because of Article XI, section 2, of the Oregon Constitution.[2] Criminal laws conflict if a local ordinance prohibits an act that the statute permits or permits an act that the statute prohibits. *City of Portland v. Lodi, supra,* 308 Or at 472. When a conflict occurs, the ordinance is preempted, unless there is clear legislative intent to allow local government's discretion to either broaden the reach of, or to extend the penalties listed in, state statutes. *City of Portland v. Dollarhide, supra,* 300 Or at 502.

*Lodi* did not abandon the two-part test for statutory preemption but clarified that, in the absence of a direct facial conflict, courts determine legislative intent by express legislative decisions. *Lodi* involved a challenge to a city ordinance prohibiting the carrying of one type of knife that was not specifically prohibited by state statute. We concluded that a statutory prohibition of carrying *some* types of knives also imparted an intention to permit carrying *all other* types of knives. *City of Portland v. Lodi,* 94 Or App at 739. The

---

[2] Article XI, section 2, of the Oregon Constitution provides, in part, that "the legal voters or every city and town are hereby granted power to enact and amend their municipal charter, subject to the Constitution and criminal laws of the State of Oregon." That section affirms the supremacy of state political judgments regarding the regulation of criminal conduct.

Supreme Court concluded that that was incorrect. We had interpreted too broadly *Dollarhide's* holding that a city "cannot prohibit an act that the statute permits." Statutory silence, in and of itself, cannot be construed as "permission." *City of Portland v. Lodi, supra,* 308 Or 468.

■    In summary, if there is a direct facial conflict, the state legislature has made a political decision as to what is the appropriate rule. If there is no facial conflict and the laws have the same substantive regulatory purpose, then the presumption either for or against preemption applies. As *Lodi* directs, the relevant issue is whether there is a clear "political decision" to overcome the presumption.

■    In applying that standard to the present case, the trial court correctly concluded that the two laws are not facially incompatible. Plaintiffs assert that Portland's PSF ban will lead to more waste from nonrecyclable coated paper going to landfills, but that is not a result that necessarily follows from the legislation. For example, restaurants are not precluded from doing away with packaging altogether and serving food on washable dishes. The fact that that solution may be unlikely does not change the analysis for preemption purposes. All it shows is that the local ordinance and the state statute are not necessarily contradictory, and therefore it is reasonable to assume that the two statutes can operate concurrently. The state policy of recycling solid waste is not inconsistent with the local decision to eliminate the waste by prohibiting the use of PSF.

Because the laws can operate concurrently, the only evidence relevant to a preemption challenge is evidence that a political decision was made by the legislature to preclude any local regulation. Plaintiffs do not argue that the legislature intended to prohibit municipalities from enacting local ordinances dealing with solid waste. Instead, they argue only that the ordinance conflicts with the state law. We conclude that the trial court applied the correct legal standard in granting summary judgment.

The trial court also correctly granted the city's motion for summary judgment, because there was no disputed issue of material fact. Plaintiffs' evidence about the effects of

the ordinance is irrelevant. If there is no constitutional violation, courts will uphold statutes involving economic regulation, if there is any rational basis for them. *See, e.g., Dandridge v. Williams,* 397 US 471, 90 S Ct 1153, 25 L Ed 2d 491 (1970); *Atlantic Richfield Co. v. Greene,* 100 Or App 16, 784 P2d 442 (1989); *Gale v. Dept. of Revenue,* 293 Or 221, 646 P2d 27 (1982). It is not the role of courts to act as a super legislature and reweigh policy decisions. *American Can Co. v. OLCC,* 15 Or App 618, 517 P2d 691 (1973). Instead, we determine whether those policy decisions violate existing law. State law does not prevent the city from banning PSF packaging for prepared food.

Affirmed.