Argued and submitted June 14, resubmitted In Banc November 6, 1991, affirmed February 12, 1992

STATE OF OREGON,
*Respondent,*

*v.*

ISIDRO LOPEZ-VEGA,
*Appellant.*

(T107388A, T107389A, T107390A;
CA A66599 (Control), A66600, A66601)
(Cases Consolidated)

826 P2d 48

Steven L. Price, Hillsboro, argued the cause and filed the brief for appellant.

Timothy A. Sylwester, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

RICHARDSON, J.

Warren, J., specially concurring.

## RICHARDSON, J.

Defendant appeals his conviction for driving under the influence of intoxicants, ORS 813.010, violation of the open container law, ORS 811.170, and driving uninsured. ORS 806.010. He challenges the trial court's denial of his motion to suppress evidence which was based on his argument that the stop of his car was unlawful. We affirm.

Defendant was backing his car in the parking lot of a convenience store in Hillsboro when Officer Johnson saw him accelerate rapidly, causing excessive tire noise. Johnson stopped him for violating a Hillsboro ordinance prohibiting unnecessary noise. Defendant moved to suppress evidence obtained by the officer, arguing, *inter alia*, that the stop was based on a violation of an invalid ordinance. He contends that ORS 815.025 and ORS 166.025 preempt the ordinance, because it prohibits conduct that is permitted under those statutes.

Hillsboro Ordinance No. 1721, section 15, provides, in part:

"(1)   No person shall make, assist in making, or permit any loud, disturbing or unnecessary noise which either annoys, disturbs, injures or endangers the comfort, repose, health, safety or peace of others.

"(2)   The following acts are declared to be loud, disturbing and unnecessary noises in violation of this section but the enumeration shall not be construed to be exclusive:

"* * * * *

"(c)   The use of any vehicle or engine, either stationary or moving, so operated as to create any loud or unnecessary grating, grinding, rattling or other noise."

ORS 815.025(1), prohibiting unreasonable vehicle noise on highways, provides:

"A person commits the offense of causing unreasonable noise with a vehicle if the person operates upon any highway any motor vehicle so as to cause any greater noise or sound than is reasonably necessary for the proper operation of the vehicle."

ORS 166.025(1)(b), prohibits disorderly conduct:

> "A person commits the crime of disorderly conduct if, with intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof, the person:
>
> "* * * * *
>
> "(b)   Makes unreasonable noise."

■     In *City of Portland v. Jackson*, 111 Or App 233, 826 P2d 37 (1992), we analyzed the law concerning state law preemption of local criminal legislation. We also apply that analysis here. ORS 815.025(1) regulates excessive noise on public highways, and ORS 166.025(1)(b) regulates excessive noise caused intentionally or recklessly. The ordinance prohibits excessive vehicle noise in places other than highways and does not contain a *scienter* element unlike the disorderly conduct statute. The questions are whether the differences in what the statutes and ordinance regulate render the state and local provisions inconsistent and, if they do not, whether the legislature intended state law to be the exclusive source of regulation of the subject.

■■     The ordinance was enacted in 1959. ORS 815.025(1) was adopted in 1983. Oregon Laws 1983, chapter 338, section 3(1), a section of the act through which ORS 815.025 was adopted, provides:

> "The revision [to the vehicle code] does not affect any lawfully adopted orders, rules, resolutions, ordinances or other official acts in effect on the effective date of the revision. Such rules, resolutions, ordinances, orders or other acts shall continue in effect until lawfully superseded or repealed. * * *"

Section 8 of the act, dealing with limits on local government, provides that no city may enact or enforce any rule that conflicts with the provisions of the Oregon Vehicle Code except as authorized by the code. Thus, the legislature expressed its intent that preexisting local ordinances remain in effect, unless there is a direct conflict between them and the vehicle code. There is none here. The ordinance and the statute regulate similar conduct, and the slight differences in the precise conduct that they regulate do not amount to a

conflict between them. We conclude that ORS 815.025(1) does not preempt the regulatory provisions in the ordinance.[1]

■        ORS 166.025 was adopted by the legislature in 1971 as part of the Oregon Criminal Code. Although proposals were made that would have forbidden local governments from enacting ordinances that provided for a sentence of imprisonment for acts not designated as crimes by the state, they were rejected. *See* Minutes, Criminal Law Revision Commission, May 14, 1970, at 13-16. *See City of Portland v. Jackson, supra,* 111 Or App at 241, n 1. The 1971 legislature did not intend to preclude all criminal regulations by local governments. *City of Portland v. Dollarhide,* 300 Or 490, 499-500, 714 P2d 220 (1986).

Nevertheless, it is apparent that the legislature intended that, before the making of unreasonable noise becomes disorderly conduct, the actor must have a culpable mental state. Commenting on this provision, the Criminal Law Revision Commission said:

> "Before specified conduct may be viewed as 'disorderly,' the actor must intend to cause, or recklessly create a risk of, public inconvenience, annoyance or alarm. *A strict liability offense is thereby avoided." Commentary to Proposed Oregon Criminal Code* 214, § 220 (1970). (Emphasis supplied.)

*See also* Minutes, Senate Criminal Law and Procedure Committee, March 16, 1971, at 2. The legislature was primarily concerned with constitutionally protected forms of expression when it promulgated the *scienter* requirements in ORS 166.025. *See Commentary to Proposed Oregon Criminal Code* 214-15, § 220 (1970); Exhibit, House Committee on the Judiciary, April 26, 1971, synopsis on Article 26. Unlike ORS 166.025, the city ordinance makes culpable even negligent or inadvertent conduct that causes unreasonable noise. It is arguable that, if ORS 166.025 were the only state law relating to the subject, the ordinance would be inconsistent with its

---

[1] The ordinance provides for a penalty greater than that provided for a violation of ORS 815.025. Because the city penalty exceeds the state's, it would be preempted insofar as the conduct prohibited by the state and city provisions overlap. However, the penalty provision is severable from the proscribing provisions of the ordinance and has no independent relevance to our analysis. Defendant was not charged with a violation of the ordinance. Therefore, preemption of the penalty is not involved. *City of Portland v. Dollarhide,* 300 Or 490, 714 P2d 220 (1986).

mental state requirement and would be preempted. *See City of Portland v. Lodi*, 308 Or 468, 782 P2d 415 (1989); *City of Portland v. Jackson, supra*. However, like the ordinance, ORS 815.025 regulates vehicle noise, and it prescribes no mental state as an element of its violation. Hence, ORS 166.025 is not the only source of *state* regulation of excessive noise. In ORS 815.025, the legislature specifically criminalized noise-making that is not generated by intentional or reckless conduct. The ordinance is consistent with that statute. ORS 166.025 does not create an across-the-board principle of state law that only noise caused with a culpable mental state can be sanctioned. Local provisions that are consistent with other state laws dealing with noise regulation are not preempted by ORS 166.025.

The city's ordinance is consistent with ORS 815.025, and Oregon Laws 1983, chapter 338, *affirmatively* reflects a legislative decision that state law not be the exclusive source of regulation. Hence, the "assumption" of preemption is overcome.

We reject defendant's other arguments for suppressing the evidence without discussion.

Affirmed.

**WARREN, J.,** specially concurring.

I agree with the result reached by the majority in this case but would adhere to the analysis in *State v. Long*, 106 Or Ap 389, 807 P2d 815 (1991), and *Denton Plastics, Inc. v. City of Portland*, 105 Or App 302, 804 P2d 1199 (1990), for the reasons stated in my dissent in *City of Portland v. Jackson*, 111 Or App 233, 245, 826 P2d 37 (1992).

Joseph, Rossman and Durham, JJ., join in this specially concurring opinion.