Argued and submitted August 14, resubmitted In Banc November 6, 1991, reversed
and remanded February 12, 1992

## CITY OF DALLAS,
*Appellant,*

*v.*

## Shirley SULLENGER,
*Respondent.*

## (CR90-50423; CA A67394)

826 P2d 34

Mark Irick, Dallas, argued the cause for appellant. With him on the brief was Shetterly, Irick, Shetterly & Mannenbach, Dallas.

David J. Hassenstab, Dallas, argued the cause for respondent. With him on the brief was Chris L. Lillegard, P.C., Dallas.

RICHARDSON, J.

Warren, J., specially concurring.

## RICHARDSON, J.

The City of Dallas appeals, under ORS 221.380, from the trial court's order in arrest of judgment, entered after defendant was convicted of interference with police officers and police equipment in violation of section 5.240 of the city code:

"(1) No person shall interfere with a police officer in performance of his or her duty.

"(2) 'Interfere' includes, but is not limited to:

"(a) Physical contact with a police officer, vehicle, animal, or item of police equipment, when the contact substantially limits the officer's ability to act in an official capacity.

"(b) Verbal abuse or production of noise intended and sufficient to prevent a police officer from adequately communicating when communication is necessary for the duty being performed.

"(c) Electronic interruption or blocking of police communications.

"(d) Mechanical or electronic disruption of effective use of police equipment, including, but not limited to, vehicle speed detection devices.

"(3) Violation of this section is a Class B misdemeanor."

The trial court concluded that section 5.240 is preempted by state law. It explained, in a written opinion:

"I agree with Dallas, that the State has not enacted legislation similar to Ordinance 5.240. Likewise, I have not found nor have I been shown anything to indicate that the State intended cities to be authorized to enact local laws in this area. Indeed, the State has legislated in the area of interfering with a peace officer. See ORS 162.235 (Obstructing Governmental Administration (except interference with making an arrest)); ORS 162.315, Resisting Arrest (as well as the 1970 Oregon Criminal Code commentaries); and ORS 163.208, Assaulting Public Safety Officer. These, as well as other State laws, proscribe citizen conduct in relationship with law enforcement officers.

"DCC 5.240 is incompatible with State law. The legislature has legislated in this area and the cities have been preempted from legislating criminal ordinances in this area."

At oral argument in this court, defendant added ORS 162.245 (refusing to assist peace officer) and ORS 162.255 (refusing to assist fire-fighting operations) to the list of putatively pre-empting statutes.

■　　In *City of Portland v. Jackson*, 111 Or App 233, 826 P2d 37 (1992), we analyzed the current state of the law concerning state preemption of local criminal ordinances. We apply that analysis here. The "essential test" is twofold: whether a local criminal provision is in conflict with and cannot operate concurrently with specific state legislation, and, if it cannot, whether the legislature intended that the state law be the exclusive source of regulation. Notwithstanding defendant's efforts to make one, there is little basis for any argument that section 5.240 is in conflict with state statutes. Of the statutes cited by defendant and the trial court, the only one that comes close to dealing with the same subject as the city ordinance is ORS 162.235. It provides, in material part:

> "(1)　A person commits the crime of obstructing governmental or judicial administration if the person intentionally obstructs, impairs or hinders the administration of law or other governmental or judicial function by means of intimidation, force, physical or economic interference or obstacle.

> "(2)　This section shall not apply to the obstruction of unlawful governmental or judicial action or interference with the making of an arrest."

■　　The city ordinance prohibits interference with police activity *per se*; the statute prohibits that interference and other conduct when it is "*intentional* and directed towards the obstruction of governmental administration." *Commentary to Oregon Criminal Code of 1971* 100 (1975). (Emphasis in original.) To the extent that the two provisions criminalize the same conduct, there is no inconsistency between them. A state statute does not preempt a local ordinance simply because both forbid the same conduct. The ordinance here does not permit what state law prohibits, nor does it prohibit anything that the statute permits. Section 5.240 does not *itself* require proof of any intent or contain any exception for "unlawful" governmental action, as does ORS 162.235. However, another city ordinance provision, section 5.248, substantially duplicates ORS 162.235 and includes the intent

requirement and the unlawful governmental action exception. Sections 5.240 and 5.248 must be read *in pari materia*, so that the former does not conflict with the latter or prohibit what it expressly makes non-prohibited. *See City of Portland v. Ayers*, 93 Or App 731, 764 P2d 556 (1988), *rev den* 308 Or 79 (1989). The city and the state laws do not conflict and, therefore, they can operate concurrently.

Defendant argues that the city is mistaken in its understanding that "preemption exists only where ordinance[s] and criminal statutes cover the same 'specific subject.' " It is unclear whether that argument is meant to relate to (1) whether the provisions are in conflict, (2) whether the state legislature intended to preclude local legislation or (3) both. If the first question is intended, the argument is answered by the truism in *City of Portland v. Dollarhide*, 300 Or 490, 502, n 9, 714 P2d 220 (1986), that the "assumption, which flows from Article XI, section 2, that the legislature intended to displace conflicting local criminal ordinances * * * does not apply when there is no state criminal law on the subject." There *cannot* be a conflict between provisions that have no contentive relationship to one another.

Defendant's argument has more merit in the context of the second question, and the trial court appears to have based its conclusion on that question rather than on a perceived conflict between the city provision and the statutes. We agree that, if the state legislature has extensively regulated a subject area, that may be evidence of an intent to preclude local legislation, even if the local enactment does not deal with any of the *specific* matters that the state law addresses. However, as we have noted, four of the five statutes on which defendant relies have no connection with the city's ordinance; rather, they are a "grab bag" of provisions that have some general bearing on the very general theme of police-citizen relationships. The mere existence of those tangential statutes does not at all suggest a legislative intent to make state law exclusive.

That does not end the inquiry because, as we noted in *City of Portland v. Jackson, supra*, preemption is assumed unless the language or history of the state law indicates otherwise. However, in situations such as this, where the only state statute that deals with the same subject as the city's

ordinances is essentially duplicated by them, *City of Portland v. Dollarhide, supra,* indicates that the assumption of a legislative intent that state law be exclusive is negated. The court said:

> "Defendant has contended throughout this proceeding that Article XI, section 2, of the Oregon Constitution and the Oregon Criminal Code of 1971 prohibit the enactment by cities of any ordinance that duplicates, contradicts or amends in any way the provisions of a state criminal statute. Defendant's exhaustive briefs and supplemental memorandum show *nothing in the history of the home rule amendments* or in the cases decided close in time to the adoption of Article XI, section 2 *to indicate that the voters then contemplated that the legislature, by enacting a criminal statute, would occupy the whole field of legislation upon that subject. Nothing we find evinces the intent to exclude, for example, identical local ordinances which punish the same conduct in municipal courts that is punished by state criminal law. See, e.g., Portland v. Parker,* [69 Or 271, 138 P 852 (1914)]; *Harlow v. Clow,* 110 Or 257, 223 P 541 (1924), *overruled on other grounds, Landreth v. Gladden,* 213 Or 205, 324 P2d 475 (1958)." 300 Or at 498. (Emphasis supplied.)

We hold that the ordinance is not preempted by state law.

Reversed and remanded.

**WARREN, J.,** specially concurring.

I agree with the result reached by the majority in this case but would adhere to the analysis in *State v. Long,* 106 Or Ap 389, 807 P2d 815 (1991), and *Denton Plastics, Inc. v. City of Portland,* 105 Or App 302, 804 P2d 1199 (1990), for the reasons stated in my dissent in *City of Portland v. Jackson,* 111 Or App 233, 245, 826 P2d 37 (1992).

I must point out, though, an inconsistency between this decision and *Jackson.* The majority is willing to read a state of mind requirement into the challenged ordinance here but was unwilling to do that in *Jackson.* The argument that Portland's public exposure ordinance requires at least a "reckless" intent is stronger than the argument that Dallas's ordinance requires an "intentional" state of mind. I fail to see how an element that was not proven beyond a reasonable

doubt at trial can be added to an ordinance via the magic of *in pari materia* reasoning.

Joseph, Rossman and Durham, JJ., join in this specially concurring opinion.